IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMBER R. McDERMOTT, f/k/a ) <br> AMBER R. PALATYNUSZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> )      Case No. 14-2296-JAR-JPO <br> GMD-100, LLC, f/k/a GLOBAL ) <br> MEDICAL DIRECT, LLC, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Amber R. McDermott brings this lawsuit against Defendants alleging claims of a hostile work environment based upon her sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f). This matter is before the Court on Defendant Complete Medical Homecare, Inc.'s ("CMH") Motion to Dismiss Plaintiff's Complaint (Doc. 22) under Fed. R. Civ. P. 12(b)(6). CMH argues that Plaintiff has not satisfied the requirements of *Twombly-Iqbal* in setting forth her Title VII claims in the Complaint; in the alternative, CMH argues that Plaintiff cannot prove that CMH was ever her employer or should be held responsible under a successor liability theory because it did not have notice of the alleged discriminatory acts. For the reasons explained below, the Court grants CMH's motion on the first ground, and dismisses Plaintiff's Complaint without prejudice to amend.

### I.   Factual and Procedural Background

Plaintiff names the following defendants in her Complaint: GMD-100, LLC, formerly known as Global Medical Direct, LLC ("GMD"); GMD-100, Inc., formerly known as Global Medical, Inc. ("GMI"); Complete Medical Homecare, Inc. ("CMH"); and MMS-100, Inc.,

formerly known as Midwest Medical Services, Inc. ("MMS").  Plaintiff alleges that all Defendants are "employers" withing the meaning of Title VII.  Plaintiff alleges that all named Defendants are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a single employer; that Defendants are "joint employers of each of their employees, including plaintiff; and that Defendants maintain a substantial interrelation of operations, common management, centralized control of labor relations, and common ownership and/or financial control."

Plaintiff was employed by Defendants from approximately May 7, 2012 until her termination on approximately April 11, 2013.  During the course of her employment with Defendants, Plaintiff was subjected to severe and unwelcome conduct of a sexual nature because of Plaintiff's sex, including but not limited to, sexual comments and innuendo and offensive bodily contact.  Plaintiff objected to and complained about that conduct, but it continued.  As a result, Plaintiff believed her work environment to be hostile and abusive, and the conduct affected her ability to perform her job duties.  Plaintiff complained to Defendants' management personnel about the sexually offensive conduct, and Defendants knew or should have know about the improper conduct, but failed to take prompt and effective corrective action to end the harassment.  Instead, Defendants chose to adversely alter the terms and conditions of her employment by forcing Plaintiff to sign a resignation letter, thus terminating her employment.

At the time Plaintiff complained about the sexually harassing conduct, she was performing all duties of her job satisfactorily.  On or about April 11, 2013, however, Defendants adversely altered the terms and conditions of her employment in retaliation for exercising her statutorily protected rights.

On April 22, 2013, Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendants on the basis of sexual harassment and retaliation.

Plaintiff alleges that upon information and belief, GMD sold and/or transferred its company assets to CMH and/or MMS while Plaintiff's charge of discrimination was pending with the EEOC. Defendants CMH and MMS had notice of Plaintiff's pending charge of discrimination prior to the acquisition of GMD's assets. Upon acquisition of GMD's assets, CMH and MMS maintained a substantial continuity in business operations, maintained the same business location, maintained the same or substantially the same supervisory personnel and management, maintained the same working conditions, maintained the same methods of production, and maintained the same or substantially the same work force.

Plaintiff further alleges that upon information and belief, GMI sold and/or transferred its company assets to CMH and/or MMS while Plaintiff's charge of discrimination with the EEOC was pending. Defendants CMH and MMS had notice of Plaintiff's pending EEOC charge of discrimination prior to the acquisition of GMI's assets. Upon acquisition of GMI's assets, CMH and MMS maintained a substantial continuity in business operations, maintained the same business location, maintained the same or substantially the same supervisory personnel and management, maintained the same working conditions, maintained the same methods of production, and maintained the same or substantially the same work force.

## II.     Standard of Review

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to

state a claim to relief that is plausible on its face."[1]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[3]  As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]  Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]

## III.  Discussion

CMH challenges Plaintiff's sexual harassment/hostile work environment and retaliation claims under Title VII.  The Tenth Circuit has provided an extensive analysis of the pleading

---

[1] *Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247–48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[5] *Id*.

[6] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

standard for employment discrimination and retaliation claims under *Twombly*. In *Khalik v. United Air Lines*,[7] the court cautioned that under *Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to successfully plead a claim of discrimination.[8] Rather, the plaintiff is only required to "set forth plausible claims." The court explained that *Twombly* created "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of a cause of action, which the [Supreme] Court stated will not do."[9] The court noted that "[w]hile '[s]pecific facts are not necessary,' some facts are."[10] While Plaintiff need not establish a prima facie case to overcome Defendant's motion to dismiss, the *Khalik* court explained that "elements of [the] alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."[11] Thus, the Court turns to Plaintiff's claims.

### A.   Sexual Harassment/Hostile Work Environment

Title VII proscribes employment practices that "permeate the workplace with 'discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment.'"[12] The plaintiff must demonstrate that the work environment was objectively and subjectively offensive,

---

[7]671 F.3d 1188 (10th Cir. 2012).

[8]*Id*. at 1193.

[9]*Id*. at 1191 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

[10]*Id*. at 1193 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

[11]*Id*. at 1192.

[12]*Tademy v. Union Pac. Corp.*, 520 F.3d 1149, 1156 (10th Cir. 2008) (internal citation and quotation omitted).

5

but need "not demonstrate psychological harm, nor . . . show that her work suffered as a result of the harassment."[13]  The court examines all the circumstances in determining if an environment is objectively hostile, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[14]  "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview."[15]  Thus, Title VII provides no remedy for boorish behavior or bad taste.[16]

     Plaintiff's factual allegations in her Complaint are precisely the kind of conclusory factual allegations that the *Khalik* court found insufficient to state a claim.  Plaintiff alleges that "during the course of [her] employment with defendants," she was subjected to "unwelcome conduct of a sexual nature," including but not limited to "sexual comments and innuendo, and offensive bodily contact."  Plaintiff goes on to allege that this conduct was "sufficiently severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile or abusive."  She alleges that she complained to Defendants' management, but Defendants failed to take action to end the harassment.  Plaintiff does not describe the alleged offensive conduct in any detail, nor does she allege who engaged in the offensive conduct, when it occurred, or the context for the conduct.  Likewise, Plaintiff does not allege when she

---

[13]*Walker v.. United Parcel Serv. of Am.*, 76 F. App'x 881, 885 (10th Cir. 2003).

[14]*Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (quoting *Harris v. Forklift Syst., Inc.*, 510 U.S. 17, 21 (1993)) (internal citations and quotations omitted).

[15]*Harris*, 510 U.S. at 21.

[16]*Duncan v. Manager, Dept. of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1313–14 (10th Cir. 2005).

complained to management personnel about the offensive conduct, to whom she complained, or any response that was taken at the time she complained.

### B. Retaliation

In a retaliation claim, a plaintiff must establish a prima facie case by showing that: "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the adverse employment action."[17] "The Supreme Court has recently clarified the causation standard for Title VII retaliation claims, explaining: '[A] plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.'"[18]

As with her hostile work environment claim, Plaintiff omits basic details and provides no context to her claim of retaliation. Plaintiff does not allege even a basic time frame for when she complained, or to whom. Thus, there is no information in the Complaint that can allow a plausible inference of temporal connection between Plaintiff's complaint(s) and her termination.

Accordingly, the Court grants CMH's motion to dismiss Plaintiff's Title VII claims, without prejudice.[19] Given the nature of the deficiencies, however, the Court grants Plaintiff leave to file an amended complaint that should clearly and specifically remedy the issues addressed in this Order.

---

[17] *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014) (citing *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987 998 (10th Cir. 2011)).

[18] *Id.* (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, —U.S.—, 133 S. Ct. 2517, 2534 (2013)).

[19] Because the Court finds that Plaintiff has failed to generally state a plausible claim for hostile work environment or retaliation, it does not reach the alternative grounds for dismissal on the issue of whether CMH is an employer under Title VII under any theory of vicarious liability. The Court further notes that although the deficiencies in the Complaint apparently extend to Plaintiff's claims against all Defendants, only CMH has moved to dismiss at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant CMH's Motion to Dismiss Plaintiff's sexual harassment/hostile work environment and retaliation claims (Doc. 22) is GRANTED without prejudice; Plaintiff is granted leave to amend her Complaint within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: December 5, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE